



# MEMORANDUM OPINION

No. 04-12-00196-CV

Roberto **RAMIREZ**,
Appellant

v.

**ACE CREDIT SERVICE, LLC**, NCP Finance Limited Partnership,
Legal Mediation Practice, Inc., Doris Daniels, and X
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-07821
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 5, 2012

DISMISSED FOR WANT OF JURISDICTION

In his original petition, appellant Roberto Ramirez sued Ace Credit Service, LLC, NCP

Finance Limited Partnership, Legal Mediation Practice, Inc., Doris Daniels, and X.  Ace Credit

Service, LLC and NCP Finance Limited Partnership filed no evidence and traditional motions for

summary judgment.  On January 10, 2012, the trial court granted those motions.  At the

conclusion of the order, the trial court simply stated, "All further requested relief is denied."

There is nothing in the clerk's record showing defendants Legal Mediation Practice, Inc., Doris

Daniels, or X filed dispositive motions or were otherwise disposed of in this order. Appellant then filed a motion for new trial, and thereafter a notice of appeal, stating he intends to appeal from the trial court's order granting summary judgment in favor of Ace Credit Service, LLC and NCP Finance Limited Partnership. When he filed his notice of appeal, appellant also filed a motion for severance, asking the trial court to sever his claims against Legal Mediation Practice, Inc. from those against Ace Credit Service, LLC and NCP Finance Limited Partnership. Appellant made no mention of Doris Daniels or X. It does not appear from the record before this court that the trial court granted the motion for severance or disposed of defendants Doris Daniels or X.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order of January 10, 2012, appears to be interlocutory because it does not dispose of all parties. *See id.* Thus, it does not appear to be a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011). There is no statutory or other authority that allows a party to appeal from an order such as the one signed by the trial court in this case on January 10, 2012.

We ordered appellant to show cause in writing by June 11, 2012, why this appeal should not be dismissed for want of jurisdiction. We ordered appellant to show that all parties have been disposed of in some manner, and advised that if a supplemental clerk's record is required to establish this court's jurisdiction, he must request such a record from the district clerk and

provide notice to this court that he has done so. We further ordered all appellate deadlines suspended until further order of this court.

Appellant did not respond to our show cause order. Based on our review of the clerk's record filed in this court, the judgment from which appellant seeks to appeal is not final. Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM